*235 ORDER (Extension of Full Faith & Credit)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether to grant full faith and credit and/or comity to a foreign judgment. Dane County Circuit Court filed a certified copy of its money judgment against the debtor, representing an assessment of judicial fines and penalties. The Court recognizes and enforces the foreign judgment out of due respect to its state counterpart.
APPLICABLE LAW
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order, denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
•(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court ree- *236 ord, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 59. Satisfaction of Judgment.
(A) Complete. The person owing money under a judgment must file proof of satisfaction of judgment with the Court stating the amount and date of payment and whether the payment was in full or partial satisfaction of the judgment. The satisfaction must be signed by the person who was owed the money.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho~ Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
Rule 73. Full Faith and Credit and Comity.
(A) Full, Faith and Credit and Comity. Unless othenvise enacted by the Legislature, this Court will extend full faith and credit to the judicial records, orders and judgments of the Courts of the State of Wisconsin, the Courts of other states, federal Courts, and other tribal Courts to the same extent the other jurisdiction extends full faith and credit to the judicial records, orders and judgments of this Court. In determining whether to extend full faith and credit, this Court will review the judicial record, order or judgment in question to assure that:
— the foreign Court has jurisdiction over the subject matter and over the person named;
— any judgment or order is final under the laws of the rendering Court;
— any judgment or order is on the merits and procured without fraud, duress or coercion;
— any judgment or order was procured in compliance with the procedures required by the rendering Court
FEDERAL RULES OF EVIDENCE
Art. IX Authentication and Identification
Rule 901. Requirement of Authentication or Identification.
(a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
Rule 902. Self-Authentication.
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency *237 thereof, and a signature purporting to be an attestation or execution.
(4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying -with paragraph (1), (2), or (3) of this rule prescribed by the Supreme Court pursuant to statutory authority.
Rule 1002. Requiremen t of Original.
To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.
RELEVANT LAW
WISCONSIN STATUTES
Sec. 806.245. Indian tribal documents: full faith and credit.
(1) The judicial records, orders and judgments of an Indian tribal court in Wisconsin and acts of an Indian tribal legislative body shall have the same full faith and credit in the courts of this state as do the acts, records, orders and judgments of any other governmental entity, if all of the following conditions are met:
(a)The tribe which creates the tribal court and tribal legislative body is organized under 25 USC 461 to 479.
(b)The tribal documents are authenticated under sub. (2)
(c)The tribal court is a court of record.
(d)The tribal court judgment offered in evidence is a valid judgment.
(e)The tribal court certifies that it grants full faith and credit to the judicial records, orders and judgments of the courts of this state and to the acts of other governmental entities in this state.
(2) To qualify for admission as evidence in the courts of this state:
(b)Copies of records, orders and judgments of a tribal court shall be authenticated by the attestation of the clerk of the court. The seal, if any, of the court shall be affixed to the attestation.
(3) In determining whether a tribal court is a court of record, the circuit court shall determine that:
(a) The court keeps a permanent record of its proceedings.
(b) Either a transcript or an electronic recording of the proceeding at issue in the tribal court is available.
(c) Final judgments of the court are reviewable by a superior court.
(d) The court has authority to enforce its own orders through contempt proceedings.
(4) In determining whether a tribal court judgment is a valid judgment, the circuit court on its own motion, or on the motion of a party, may examine the tribal court record to assure that:
(a) The tribal court had jurisdiction of the subject matter and over the person named in the judgment.
(b) The judgment is final under the laws of the rendering court.
(c) The judgment is on the merits.
(d) The judgment was procured without fraud, duress or coercion.
(e) The judgment was procured in compliance with procedures required by the rendering court.
(f) The proceedings of the tribal court comply with the Indian civil rights act of 1968 under 25 USC 1301 to 1341.
*238 Sec. 812.37. Debtor’s Answer.
(1) Except as provided in s. 812.34(1), the debtor may claim an exemption under s. 812.34(2)(b), or may assert any defense to the earnings garnishment, by completing the answer form and delivering or mailing it to the garnishee. The debtor or debtor’s spouse may file an answer or an amended answer at any time before or during the effective period of the earnings garnishment.
(2) Whenever the garnishee receives a debtor’s answer or amended answer, the garnishee shall mail a copy of the answer to the creditor by the end of the 3rd business day after receiving the debtor’s answer, writing on that copy the date of receipt of the answer by the garnishee.
(3) Unless served with an order of the court directing otherwise, in determining whether to pay any part of the debtor’s earnings to the creditor, the garnishee shall accept as true and binding any exemption claimed in the debtor’s answer or any amended answer received before payment is made to the creditor under s. 812.39(1).
FINDINGS OF FACT
1.On October 27, 2005, Dane County Circuit Court filed a certified copy of its judgment against debtor, Jerry D. Williams, Jr., assessing unpaid fines and other financial penalties, In the Matter of the, Outstanding Obligations of: Jerry D. Williams, Jr., Case No. 04TR26689 (Dane Co. Cir. Ct., Sept. 20, 2005) (hereinafter In re Williams); see also Fed.R.Evid. 902(1, 4).[1]
2. The foreign judgment indicates that the debtor is employed by Ho-Chunk Casino. Ho-Chunk Casino is a division of the Ho-Chunk Nation Department of Business located on trust lands at S3214 Highway 12, Baraboo, WI 53913. See Dep’t op Bus. Establishment & Org. Act of 2001, 1 HCCC § 3.5c; http:// www.ho-ehunknation.com/government/exeeutive/ org_chart.htm (last visited Oct. 31, 2005) (on file with Bus. Dep’t).
3. The Court has not encountered difficulty with reciprocal enforcement of orders in the foreign issuing court, and perceives no errors on the face of the certified foreign judgment that would prevent the extension of full faith and credit and/or comity under HCN R. Cm P. 73(A).[2]
DECISION
The Court maintains an effective procedure for granting full faith and credit and/or comity to foreign judgments. HCN R. Civ. P. 73(A). The Court has consistently utilized this procedure since shortly after its formation. See, e.g., Univ. of Wis., Stevens Point v. Orbert S. Goodbear, CV 96-32 (HCN Tr. Ct., Sept. 27, 1996). In the context of a routine civil garnishment action, the Court affords the respondent a response time to permit the filing of a debtor’s answer. Wis. Stat. § 812.37(1— *239 3) (2004),[3] In the instant case, the judicial assignment “shall take priority over all other income withholding orders, garnishments, and voluntary wage assignments.” In re Williams at 1. Also, the judgment imposes a fine upon the debtor as established by the foreign Court, and not as a result of an unmet financial obligation between individual parties. The Court will afford Dane County Circuit Court the same measure of respect and cooperation that it would expect in a reverse situation.
THEREFORE, the Ho-Chunk Nation Department of Treasury, Payroll Division, shall satisfy the outstanding debt of $200.46 against the wages of the debtor, Jerry D. Williams, Jr. The Treasury Department shall make wage deductions in accordance with the withholding instructions of the foreign order. Id. A bx*eak in service by the debtor shall not constitute a cessation of this judgment, unless the debtor documents full satisfaction of the judgment. See HCN R. Civ. P. 59(A). Neither the Court nor the Nation bears any responsibility for overpayment of the debt if the debtor fails to file proof of satisfaction of the judgment with the Court. Id.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. P.), specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Ho-Chunk Nation Supreme Court adopted the Federal Rules of Evidence for usage in all tribal judicial proceedings. In re Adoption of Fed.R.Evid. (HCN S.Ct., June 5, 1999).

. The Court notes that HCN R. Civ. P. 73(A) seems to mandate a review of the judicial record when the Court cannot readily ascertain the absence of fraud, duress or coercion and procedural compliance on the face of the foreign order. The Court, however, declines to perform such a review without a challenge from the respondent(s) or the appearance of a glaring irregularity. A contrary approach might lead to a divisive relationship with our state and/or tribal counterparts. Furthermore, analogous state law advises using the manner of discretionary review now favored by the Court. See e.g., Wis. Stat. § 806.245(4) (2004).

. Although not binding in this jurisdiction, the Court regards the relevant statutory provisions as persuasive authority.